IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-53-GF-DLC-RKS<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On July 22, 2014, Petitioner Dewayne Bearchild filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Bearchild is a state prisoner proceeding pro se.

Mr. Bearchild moves to proceed in forma pauperis. The motion and supporting account statement sufficiently establish that Mr. Bearchild cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

The petition, however, should be denied. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in

1

the district court." *Id*.

Mr. Bearchild was convicted and sentenced for the crime of incest – not, he emphasizes, sexual intercourse without consent, a separate charge of which he was acquitted.[1] According to Mr. Bearchild's allegations, the sentencing court conditioned his eligibility for parole on successful completion of Phases I and II of a sex offender treatment program in prison. To complete the program, Mr. Bearchild is required to admit previous wrongs, regardless of whether those wrongs resulted in criminal conviction and regardless of whether they were even discovered by the authorities. Mr. Bearchild claims he has been unfairly prevented from completing the treatment program because the treatment provider believes Mr. Bearchild committed the crime of sexual intercourse without consent and Mr. Bearchild denies that he did so. Because the provider does not believe Mr. Bearchild's denial, he removed Mr. Bearchild from the program. As a result, Mr. Bearchild contends, he is unable to obtain parole. *See generally* Pet. (Doc. 1) at 9-16.

In fact, the sentencing court did not condition Mr. Bearchild's eligibility for parole on his successful completion of Phases I and II of a sex offender treatment program in prison. The sentencing court declared Mr. Bearchild ineligible for

---

[1] *See, e.g.* Minutes (Doc. 2-1 at 1), Grievances (Doc. 2-1 at 57, 62), *Bearchild v. Cobban*, No. 14-31-H-DLC-RKS (D. Mont. filed Apr. 29, 2014). A court may take judicial notice of its own records. *E.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

parole for ten years. *See* Minutes at 2 (Doc. 2-1 at 43), *Bearchild v. Cobban*, No. CV 14-31-H-DLC-RKS (D. Mont. filed Apr. 29, 2014). Despite his removal from the sex offender treatment program, Mr. Bearchild duly became eligible for parole on January 6, 2012. He waived his opportunities to appear before the Board of Pardons and Parole ("the Board") in November 2011, May 2012, and August 2012. *See* Final Dispositions Nov. 2011, May 2012, Aug. 2012, *available at* http://bopp.mt.gov/FinalDispositions (accessed Oct. 3, 2014).

In February 2013, Mr. Bearchild first appeared before the Board. On February 27, 2013, the Board denied Mr. Bearchild's application for parole based on the nature and severity of his offenses and the fact that he committed multiple offenses. Case Disposition ¶ B (Doc. 2-1 at 49), *Bearchild*, No. CV 14-31-H. It set a reappearance date of February 2015 and required an update at that time on Mr. Bearchild's progress in the sex offender treatment program. *Id.* ("Reappearance Date"). The Board also noted that it believed Mr. Bearchild should complete Phase II of the treatment program. It permitted Mr. Bearchild to request an earlier rehearing of his application for parole if he did so. *Id.* ¶ C.

Mr. Bearchild's petition should be denied. The facts he alleges do not implicate the Fifth Amendment privilege against self-incrimination. "[W]hen questions put to a [prisoner] . . . call for answers that would incriminate him in a pending or later criminal prosecution, he may properly invoke his right *to remain*

3

*silent.*" *United States v. Antelope*, 395 F.3d 1128, 1135 (9th Cir. 2005) (quoting *Minnesota v. Murphy*, 465 U.S. 420, 435 (1984)) (internal quotation marks and brackets omitted) (emphasis added). Mr. Bearchild did not remain silent. He denied committing the crime of sexual intercourse without consent. A denial is neither self-incrimination nor exercise of the privilege against it. Therefore, the treatment program has not placed Mr. Bearchild "at a crossroads – comply and incriminate himself or invoke his right against self-incrimination" and suffer adverse consequences. *Id*. Mr. Bearchild made an exculpatory statement and, arguably as a result, cannot get out of prison early. The Fifth Amendment is not implicated on the facts presented by Mr. Bearchild. *But see id.* at 1132-33 (Mr. Antelope remained silent and, as a result, went to prison).

Further, "subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create[s] the kind of deprivation[] of liberty that require[s] procedural protections." *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). But "[a]n inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process." *Id.* at 831. Mr. Bearchild was convicted of incest, which is a sex crime. Mont. Code Ann. § 45-5-507l *see also id.* Part 5 ("Sex Crimes").

In addition, Mr. Bearchild's parole *eligibility* is not affected by his failure to

4

complete the treatment program. His *release on parole* might be, but the Board has broad discretion to decide whether an offender "can be released without detriment to the prisoner or to the community" and "is able and willing to fulfill the obligations of a law-abiding citizen." Mont. Code Ann. § 46-23-201(1), (5). Because Mr. Bearchild is eligible for parole despite his failure to complete the treatment program, he has an opportunity to explain to the Board why he is, nevertheless, a suitable candidate for parole. The Board, in turn, must provide (and has provided) a brief explanation of its reasons for denying him parole. That is due process. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 16 (1979).

The real gravamen of Mr. Bearchild's complaint is that he has not been able to persuade the Board to release him. In order to redress this claim, however, the Court would have to find that a prisoner has a due process right to be released before the expiration of a valid sentence. That right does not exist. *Swarthout v. Cooke*, 526 U.S. 216, __, 131 S. Ct. 859, 862 (2011).

Mr. Bearchild's petition should be denied for lack of merit. A certificate of appealability is not warranted. Mr. Bearchild has not made any showing that he has been deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). He is dissatisfied with the Board's exercise of its lawful, broad discretion to determine whether he is a suitable candidate for release on parole. That claim is not remediable in federal

5

habeas.

Based on the foregoing, the Court enters the following:

**ORDER**

The motion to proceed in forma pauperis (Doc. 2) is GRANTED.

The Court also enters the following:

**RECOMMENDATION**

1. The petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

DATED this 27th day of October, 2014.

        /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge