IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD, Petitioner, vs. LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, Respondent. | CV 14–53–GF–DLC–RKS ORDER |

FILED
JAN 30 2015
Clerk, U.S District Court
District Of Montana
Missoula

United States Magistrate Judge R. Keith Strong entered his Findings and Recommendation on October 27, 2014 recommending that Bearchild's petition be denied for lack of merit. Bearchild objected to the Findings and Recommendation on November 7, 2014, and so the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014

WL 693315 (D. Mont. 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Strong's Findings and Recommendation in full.

Bearchild was convicted of the crime of incest. Pursuant to his sentence, he became eligible for parole on January 6, 2012. Bearchild waived his opportunities to appear before the Board of Pardons and Parole ("the Board") in November 2011, May 2012, and August 2012. After his first appearance before the Board in February 2013, the Board denied Bearchild's application for parole based on the nature and severity of his offenses and the fact that he committed multiple offenses. The Board did note that Bearchild should complete Phase II of the treatment program and if so, may request an earlier rehearing of his application for parole.

Bearchild objects to Judge Strong's Findings and Recommendation alleging that the sentencing court conditioned his eligibility for parole on successful completion of Phases I and II of the sex offender treatment program. He further alleges that he is unable to complete the treatment program because he refuses to admit to, and in fact denies involvement in, previous crimes he was not convicted of and that it is the Board's policy and practice to deny parole for sex offenders unless they successfully complete court ordered treatment. He states that this puts him in the position of having to lie and falsely incriminate himself in violation of

the Fifth Amendment.

First, the sentencing court did not condition Bearchild's eligibility for parole on his successful completion of sex offender treatment. (*Bearchild v. Cobban*, No. CV 14-31-H-DLC-RKS, Doc. 2-1 at 43.) Bearchild is eligible for parole, however the Board has broad discretion to decide whether he can be released. Mont. Code Ann. § 46-23-201(1), (5). Second, the Board denied Bearchild's application for parole based on the nature and severity of his offenses and the fact that he committed multiple offenses, not on his failure to complete treatment. (*Bearchild v. Cobban*, No. CV 14-31-H-DLC-RKS, Doc. 2-1 at 49.) Third, Bearchild's allegations as stated do not raise the Fifth Amendment privilege against self-incrimination. Bearchild is not invoking his right to remain silent, but rather he is making an exculpatory statement. Lastly, because Bearchild was convicted of the sex crime of incest in a prior adversarial setting, he has received the minimum protections required by due process with regards to the Phase II treatment recommendation of the Board. *Neal v. Shimoda*, 131 F.3d 818, 830-831 (9th Cir. 1997). There being no clear error in Judge Strong's remaining Findings and Recommendation,

IT IS ORDERED that Judge Strong's Findings and Recommendation (Doc. 5) are ADOPTED in full. Bearchild's petition (Doc. 1) is DENIED. A

certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondent and against Petitioner.

DATED this 30th day of January, 2015.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court